NANCY GAY *vs.* WILLIAM MINOT & others, Executors.

A will being proved, approved and allowed, before a judge of probate, who was indebted to the testator on a promissory note secured by mortgage, the executor afterwards made a *bona fide* assignment of such note and mortgage and received the full amount due thereon, and thereupon presented the will a second time to the judge for probate, before whom the same was again proved, approved and allowed: It was held, that the judge, when the will was first presented for probate, was interested in the case, within the provisions of the Rev. Sts. *c.* 83, § 15; that the first probate was therefore void, and incapable of being made good by confirmation, waiver, or ratification of those interested; that the executor derived no authority under such probate, and was not authorized thereby to assign the note and mortgage; that such assignment was irregular and effected no change of ownership, but left the judge a debtor to the estate as before; and, consequently, that the second probate was equally void with the first.

THIS case, which was an appeal from a decree of the judge of probate for this county, was submitted to the court on the following statement of facts: —

Joseph Lovering, late of Boston, in the county of Suffolk,

died in June, 1848, having made his last will, in which he appointed the appellees to be his executors.

They presented the will to Edward G. Loring, esquire, judge of probate for said county, and the same was proved, approved and allowed on the tenth day of July, 1848; and the executors were duly qualified, and took upon themselves the administration of the testator's estate.

At the time of the probate of the will, the judge of probate was indebted to the estate of said Lovering in a certain sum of money, secured by his promissory note, and a mortgage of real estate. The note and mortgage were afterwards sold and assigned *bona fide* by the executors, who received the full amount due thereon. After the assignment, the will was again offered for probate, to the judge, who approved and allowed the same.

From this last named probate the appellant, an heir at law, and legatee of the testator, appealed, for the alleged reason, that the judge, being a debtor of the testator, was interested in the settlement of his estate, and could not lawfully make the probate of the will; and that the interest of the judge was not purged by the assignment, inasmuch as the executors had no legal power to assign the debt, and the assignment was a nullity.

*J. Benjamin* and *W. Minot, Jr.*, for the appellant.

*W. Minot*, for the appellees.

Shaw, C. J. This is an appeal from a decree of the judge of probate for the county of Suffolk, allowing and approving the will of Joseph Lovering, deceased.

It appears, that at the time of the decease of the testator, the judge of probate was indebted to him on a promissory note secured by mortgage. Notwithstanding this, the will was offered before him and proved; afterwards, perhaps upon a doubt whether the will was duly admitted to probate, the executors sold the note and mortgage for their full value, and the will was again offered and admitted to probate by a decree, from which one of the heirs has taken this appeal.

By the Rev. Sts. *c.* 83, § 15, when a judge of probate is

30 *

interested in any case within his jurisdiction, the case is to be transferred to the probate court of the most ancient adjoining county. This provision, which is but a revision of *St.* 1817, *c.* 190, § 5, has come under the cognizance of the court in several instances.

In the case of *Cottle, Appellant,* 5 Pick. 483, it was held, that being a creditor of the estate was such an interest, as would deprive the judge of probate of his jurisdiction. In the case of *Coffin* v. *Cottle,* 9 Pick. 287, the same principle was affirmed, and it was further decided, that the first grant of administration, by a judge so interested, and all proceedings under it, were not within his jurisdiction, and were void. Even where a judge had a small valid demand against the estate of a deceased person, which he had determined in his own mind not to enforce, and took jurisdiction and granted administration, it was decided, that having a valid claim against the estate, he was a creditor and interested; and although he had determined, upon considerations of expediency, not to enforce his claim, and had even given his agent orders to that effect, yet he might alter his mind, his order was revocable, and he still remained a creditor. *Sigourney* v. *Sibley,* 21 Pick. 101.

In the present case, the relation of the judge to the deceased was that of a debtor, and not a creditor. But the court are of opinion, that this relation creates an interest of a like kind with that of being a creditor, and, under the statute, divested the judge of his jurisdiction. Nor was his jurisdiction restored by an assignment and transfer of the note and mortgage, after the first and before the second probate of the will. The case being *coram non judice,* the first probate was not voidable merely, but void, incapable of being made good by confirmation, waiver, or ratification, on the part of those interested. Being void, the executors took no authority under it; their assignment of the note and mortgage was irregular, and effected no change of ownership; so that the judge still remained a debtor to the estate, at the time of passing the decree appealed from.          *Decree reversed*